## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) ) JURY TRIAL DEMANDED |
| KENTUCKY BANCSHARES, INC., B. PROCTOR CAUDILL, JR., LOUIS PRICHARD, EDWIN S. SAUNIER, HENRY HINKLE, JACK W. OMOHUNDRO, TED MCCLAIN, ROBERT G. THOMPSON, WOODFORD S. VAN METER, MARY MCDOWELL HOSKINS, SHANNON ARVIN, H. MEYER MERGER SUBSIDIARY, INC., and STOCK YARDS BANCORP, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## **NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 27, 2021 (the "Proposed Transaction"), pursuant to which Kentucky Bancshares, Inc. ("Kentucky Bancshares" or the "Company") will be acquired by Stock Yards Bancorp, Inc. ("Parent") and H. Meyer Merger Subsidiary, Inc. ("Merger Sub," and together with Parent, "Stock Yards Bancorp").

2. On January 27, 2021, Kentucky Bancshares' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Stock Yards Bancorp.  Pursuant to the terms of the Merger Agreement,

shareholders of Kentucky Bancshares will receive 0.64 shares of Parent common stock and $4.75 in cash for each share of Kentucky Bancshares common stock they own.

3. On April 9, 2021, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Kentucky Bancshares common stock.

9. Defendant Kentucky Bancshares is a Kentucky corporation and maintains its principal executive offices at P.O. Box 157, Paris, Kentucky 40362. Kentucky Bancshares' common stock is traded OTC under the ticker symbol "KTYB."

10. Defendant B. Proctor Caudill, Jr. is Chairman of the Board of the Company.

11. Defendant Louis Prichard is Chief Executive Officer, President, and a director of the Company.

12. Defendant Edwin S. Saunier is a director of the Company.

13. Defendant Henry Hinkle is a director of the Company.

14. Defendant Jack W. Omohundro is a director of the Company.

15. Defendant Ted McClain is a director of the Company.

16. Defendant Robert G. Thompson is a director of the Company.

17. Defendant Woodford S. Van Meter is a director of the Company.

18. Defendant Mary McDowell Hoskins is a director of the Company.

19. Defendant Shannon Arvin is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Kentucky corporation and a party to the Merger Agreement. Parent's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "SYBT."

22. Defendant Merger Sub is a Kentucky corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. The Company, with $1.2 billion in assets, was incorporated in 1981 as a bank holding company.

24. Kentucky Bancshares is the parent company of Kentucky Bank, which was established in 1851.

25. On January 27, 2021, Kentucky Bancshares' Board caused the Company to enter into the Merger Agreement with Stock Yards Bancorp.

26. Pursuant to the terms of the Merger Agreement, shareholders of Kentucky Bancshares will receive 0.64 shares of Parent common stock and $4.75 in cash for each share of Kentucky Bancshares common stock they own.

27. According to the press release announcing the Proposed Transaction:

Stock Yards Bancorp, Inc. ("Stock Yards" or the "Company") (NASDAQ: SYBT), the parent company of Stock Yards Bank & Trust Company, and Kentucky Bancshares, Inc. (OTCQX: KTYB), the parent company of Kentucky Bank, jointly announced on Wednesday, January 27, 2021 the signing of a definitive agreement for Stock Yards Bancorp, Inc. to acquire Kentucky Bancshares, Inc. The combined stock and cash transaction is expected to close during the second quarter of 2021, subject to approval of Kentucky Bancshares shareholders and completion of customary regulatory approval and closing conditions. . . .

Under the terms of the merger agreement, Kentucky Bancshares' shareholders will have the right to receive 0.64 shares of Stock Yards Bancorp's common stock and $4.75 in cash for each share of common stock of Kentucky Bancshares with total consideration to consist of approximately 85% stock and 15% cash. Based upon the closing price of Stock Yards Bancorp common stock of $42.24 on January 25, 2021, the implied per share purchase price is $31.78, with an aggregate transaction value of approximately $190 million. First full year earnings (2022) per share accretion is estimated at approximately 12.5% and the tangible book value per share dilution is expected to be earned back in approximately 2.5 years under the crossover method including Current Expected Credit Loss (CECL) "Day 2" accounting treatment. . . .

4

Keefe Bruyette & Woods, *A Stifel Company,* served as financial advisor and Frost Brown Todd PLLC acted as legal counsel to Stock Yards Bancorp, Inc. Raymond James served as financial advisor and Stoll Keenon Ogden PLLC acted as legal counsel to Kentucky Bancshares, Inc.

*The Prospectus Omits Material Information*

28. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

29. As set forth below, the Prospectus omits material information with respect to the Proposed Transaction.

30. First, the Prospectus omits material information regarding the Company's and Stock Yard Bancorp's financial projections.

31. The Prospectus fails to disclose Kentucky Bancshares' projected free cash flows and all underlying line items.

32. The Prospectus fails to disclose Stock Yards Bancorp's financial projections.

33. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34. Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Raymond James & Associates, Inc. ("Raymond James").

35. With respect to Raymond James' Selected Companies Analysis, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analysis.

36. With respect to Raymond James' Selected Transaction Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

37. With respect to Raymond James' Discounted Cash Flow Analysis, the Prospectus fails to disclose: (i) the projected free cash flows used in the analysis and all underlying line items; (ii) Raymond James' basis for using multiples ranging from 9.0x to 13.0x; (iii) the individual inputs and assumptions underlying the discount rates ranging from 13.0% to 16.0%; and (iv) the number of diluted shares outstanding.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Third, the Prospectus omits material information regarding Raymond James.

40. The Prospectus fails to disclose the amount of compensation Raymond James has received or will receive for the services it has provided to Stock Yards Bancorp and its affiliates.

41. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

42. Fourth, the Prospectus fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

43. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. The omission of the above-referenced material information renders the Prospectus false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Kentucky Bancshares

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Kentucky Bancshares is liable as the issuer of these statements.

48. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

49. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

51. The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Stock Yards Bancorp

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Stock Yards Bancorp acted as controlling persons of Kentucky Bancshares within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Kentucky Bancshares and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Stock Yards Bancorp was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

58. Stock Yards Bancorp also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

59. By virtue of the foregoing, the Individual Defendants and Stock Yards Bancorp violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Stock Yards Bancorp had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 30, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*